[No. 12176.   In Bank. — March 1, 1888.]

IN THE MATTER OF THE ESTATE OF BERNARD NEWMAN, DECEASED.

PARENT AND CHILD — ADOPTED CHILD INHERITS. — Under sections 227, 228, and 1386 of the Civil Code, an adopted child is entitled to succeed by inheritance to the estate of the adopting parent.

DIVORCE — PROCEEDING IN REM — SERVICE BY PUBLICATION. — An action for divorce, so far as it affects the *status* of the parties and the custody of their minor children, is a proceeding *in rem*, and a service of summons by publication on a non-resident defendant is good.

ID. — PROOF OF SERVICE — AMENDMENT AFTER JUDGMENT. — After judgment has been rendered in an action of divorce, and before the roll is made up, the court has authority to receive amended affidavits showing a service of summons by publication.

ID. — JUDGMENT BY DEFAULT — CONCLUSIVENESS OF. — In an action for divorce, in which judgment by default is rendered against a non-resident defendant upon a service of summons by publication, the affidavits of service and recitals thereof in the judgment are conclusive upon a collateral attack; the affidavit on the application for the order of publication, and the order of publication, are not part of the judgment roll, and cannot be considered.

ID. — JUDGMENT BEFORE EXPIRATION OF TIME FOR ANSWERING. — A judgment by default, rendered before the time allowed the defendant to answer has expired, is erroneous merely, and can be attacked only upon motion or by appeal, and by the party aggrieved.

ORDER FOR ADOPTION — WHEN MADE BY JUDGE. — An order for the adoption of a minor, which appears to have been made in open court and is signed by the judge and filed in the adoption proceedings, will be construed as having been made by the judge, notwithstanding the order recites that it was made "by this court."

SUPERIOR COURT — JUDGE ACTING IN OTHER COUNTY — PRESUMPTION OF REGULARITY. — A judge of the superior court of a particular county, who holds court in another county, must be presumed, in the absence of evidence to the contrary, to be acting upon the request of the governor, or of the judge of the court of the latter county.

| | |
|---|---|
| 75 | 213 |
| 77 | 225 |
| 75 | 213 |
| 93 | 608 |
| 75 | 213 |
| 94 | 641 |
| 75 | 213 |
| 101 | 249 |
| 101 | 573 |
| 75 | 213 |
| 102 | 623 |
| 75 | 213 |
| 103 | 453 |
| 103 | 523 |
| 75 | 213 |
| 109 | 640 |
| 75 | 213 |
| J112 | 199 |
| 75 | 213 |
| 114 | 158 |
| 75 | 213 |
| 126 | 620 |
| 75 | 213 |
| 127 | 211 |
| 75 | 213 |
| f130 | 629 |
| 75 | 213 |
| 137 | 183 |
| 75 | 213 |
| 140 | 469 |
| 75 | 213 |
| 143 | 281 |
| 144 | 146 |
| 75 | 213 |
| 146 | 753 |

Judgment when Becomes Operative — Entry. — A judgment of divorce, after being signed by the judge and filed with the clerk, is binding on the parties and their privies, although not entered by the clerk.

Appeal from an order of the Superior Court of Los Angeles County granting letters of administration on the estate of a deceased person.

Bernard Newman died intestate on November 15, 1886, a resident of the county of Los Angeles. He had never married, and at the time of his death had no blood relations nearer than brothers and sisters. On the 24th of November, 1886, the respondent, Mary Maldonado, the mother and guardian of one George B. Maldonado, a minor of about two and one half years of age, filed a petition for letters of administration on the estate of said deceased, claiming to be entitled thereto on the ground that said minor was the adopted child of the deceased. The appellant, Michael Newman, a brother of the deceased, filed his petition for letters on the sixth day of December, 1886, and also filed grounds of opposition to the petition of Mary Maldonado, alleging that George B. Maldonado was not the adopted child of the deceased; that he was not entitled to succeed to the estate of the deceased; and that therefore his guardian was not entitled to letters; and that Mary Maldonado was a married woman. On the hearing of the contest so raised, the respondent, against the objections of the appellant, introduced in evidence the record of the proceedings had in the superior court of Los Angeles County in the matter of the adoption of said minor. These proceedings consisted of a petition to said court, filed on the 28th of June, 1886, wherein the deceased prayed for the adoption of said minor, and Mary. Maldonado consented thereto, and an order for his adoption. The petition alleged that Mary Maldonado was the mother of the child, that his father, J. M. Maldonado, was a non-resident of the state, and did not

reside with the child, and that he had been adjudged guilty of adultery, and had been judicially deprived of the custody of the child on account of neglect, and on account of such neglect and adultery Mary Maldonado had been divorced from him. The order for adoption was made on the 28th of June, 1886, and was signed by the Hon. B. T. Williams, the judge of the superior court of Ventura County. The order, after reciting that Mary Maldonado had consented in writing to the adoption, that she had been previously divorced from J. M. Maldonado, the father of the minor, and that he had been adjudged guilty of adultery by the judgment in the action for divorce, and had been deprived of the custody of said child, proceeded as follows:—

"It is therefore ordered . . . . by this court that said George Bernard Maldonado shall henceforth be the adopted son of said Bernard Newman, and shall be regarded and treated as the child of said Bernard Newman.

"Done in open court, this twenty-eighth day of June, 1886.                    B. T. Williams, Judge."

The respondent, for the purpose of showing that she had been divorced from J. M. Maldonado prior to the time of the adoption proceedings, offered in evidence, against the objections of the appellant, the complaint and judgment in an action brought by her in the superior court of Los Angeles County for a divorce. The complaint in said action was filed on the 28th of July, 1885, and prayed for a divorce on the ground of the adultery of J. M. Maldonado. Judgment of divorce was signed by the judge on the 19th of October, 1885, was filed with the clerk on the 22d of the same month, and was entered on the 5th of January, 1887. The judgment recited the default of the defendant in the action, and that he had been duly served with summons by publication. For the purpose of showing the invalidity of this judgment, the appellant then offered in evidence an

affidavit filed on the 19th of July, 1885, for an order for publication of the summons, which recited that the defendant was a resident of Phœnix, Arizona; an order of court, made on the same day, directing the summons to be published in the Weekly Express, a newspaper published in Los Angeles, at least once a week for two months, and that a copy of the complaint and summons be forthwith deposited in the post-office, directed to the defendant; an affidavit made on the 19th of October, 1885, by the principal clerk of the Weekly Express, showing that the summons had been published for "two consecutive months, commencing July 1, 1885, and ending October 30, 1885"; and also an affidavit of the attorney for the plaintiff, showing that "he had deposited in the post-office at Los Angeles, addressed to the defendant at Phœnix, Arizona, on the eighteenth day of July, 1885, a copy of the complaint and summons." The respondent thereupon, against the objections of the appellant, offered in evidence an amended proof of publication of summons in the action of *Maldonado* v. *Maldonado*, filed on the 5th of January, 1887, *nunc pro tunc* as of the 19th of October, 1885; an amended proof of deposit in the post-office of a copy of the complaint and summons in said action, filed on the 5th of January, 1887, *nunc pro tunc* as of the 19th of October, 1885, and an order in said action, made on the 5th of January, 1887, allowing the filing of the amended proofs of publication and deposit, and ordering the entry of judgment in said action, *nunc pro tunc* as of the 19th of October, 1885. The court thereupon ordered letters of administration on the estate of said deceased to be issued to Mary Maldonado. The further facts are stated in the opinion of the court.

*Matthew I. Sullivan,* and *Stephen M. White,* for Appellant.

The proof of publication of summons in the action of *Maldonado* v. *Maldonado* is fatally defective, and cannot

support the judgment of divorce, because,—1. The affidavit shows that the first publication was made July 1, 1885, or twenty-seven days before suit was brought; 2. The last publication was made October 30th, or eleven days after the decree was signed; 3. The summons was published for two consecutive months, whereas the order required the publication to be made at least once a week for two consecutive months. The proof of deposit in the post-office is fatally defective, because,—1. The affidavit does not show that the order of court or the statute was complied with by prepayment of postage; 2. The deposit was not made forthwith, but on the eighteenth day of July, 1885, ten days before suit brought. (*McMinn* v. *Whelan*, 27 Cal. 313; *Cissell* v. *Pulaski Co.*, 3 McCrary, 449; *Galpin* v. *Page*, 18 Wall. 350; *Belcher* v. *Chambers*, 53 Cal. 639; *Pennoyer* v. *Neff*, 95 U. S. 714; *McGahen* v. *Carr*, 6 Iowa, 331; 41 Am. Dec. 421; *Cofield* v. *McClelland*, 16 Wall. 331; *Israel* v. *Arthur*, 7 Col. 512; *Brown* v. *Tucker*, 7 Col. 30; *Tunis* v. *Withrow*, 10 Iowa, 305; 77 Am. Dec. 117; *Settlemier* v. *Sullivan*, 97 U. S. 444; *Hernandez* v. *His Creditors*, 57 Cal. 333.) The judgment in the divorce action being void, the mother, Mary Maldonado, had no authority to consent to the adoption of the child, and her consent alone did not confer jurisdiction on the court to order the adoption. (Civ. Code, sec. 224.) The judgment in the divorce suit being void at the date of the alleged adoption, the amendments allowed by the superior court on the fifth day of January, 1887, did not and could not give it validity. (Freeman on Judgments, sec. 117; Macnamara on Nullities, 2, 3, 6; *Clapp* v. *Graves*, 26 N. Y. 420; 4 Wait's Practice, 642; *Hallett* v. *Righters*, 13 How. Pr. 43; *Kendall* v. *Washburn*, 14 How. Pr. 381.) An adopted child does not inherit from its adopting parent. (Civ. Code, secs. 1383–1408.)

*Lucien Shaw*, and *James M. Damron*, for Respondent.

An adopted child takes by inheritance from its adopting parent. (Civ. Code, secs. 227, 228, 1386; *Ross* v.

*Ross,* 129 Mass. 243; *Estate of Wardell,* 57 Cal. 491; *Powel* v. *Hafley,* 4 S. W. Rep. 683.) In the absence of a showing to the contrary, it will be presumed that the judge of the superior court of Ventura County who made the order of adoption had authority to do so. (*Westbrook* v. *Bosborough,* 14 Cal. 188; *People* v. *Sassovich,* 29 Cal. 480; *People* v. *Mellon,* 40 Cal. 655; *People* v. *White,* 24 Wend. 539.) The judgment in the divorce suit became operative between the parties and their privies, when signed by the judge and filed, although not formally entered by the clerk. (*Gray* v. *Palmer,* 28 Cal. 422; *Casement* v. *Ringgold,* 28 Cal. 339; *Genella* v. *Relyea,* 32 Cal. 160.) The decree of divorce is valid on its face, and its recitals are such that no question can be made collaterally of its validity. (*Hahn* v. *Kelly,* 34 Cal. 391; 96 Am. Dec. 742; *Quivey* v. *Porter,* 37 Cal. 462; *Moore* v. *Martin,* 38 Cal. 436; *Reeve* v. *Kennedy,* 43 Cal. 643; *McCauley* v. *Fulton,* 44 Cal. 355–361; *Sharp* v. *Brunnings,* 35 Cal. 533; *Vassault* v. *Austin,* 36 Cal. 691.) The court had jurisdiction to allow amended proofs of publication and posting to be filed *nunc pro tunc.* (*Lewis* v. *Ross,* 37 Me. 230; *Bacon* v. *Bassett,* 19 Wis. 54, and note; *Barker* v. *Bininger,* 14 N. Y. 280; *Balch* v. *Shaw,* 61 Mass. 284.) The fact that the judgment was rendered by default before the time allowed the defendant to answer had expired does not render the judgment void nor attackable collaterally in any form. (Freeman on Judgments, sec. 126, and notes; *Brown* v. *Tucker,* 7 Col. 30; *Anderson* v. *Bell,* 9 Cal. 321; *Whitwell* v. *Barbier,* 7 Cal. 54; *White* v. *Crow,* 110 U. S. 191.)

PATERSON, J. — 1. The provisions of the Civil Code bearing upon the first question presented for our consideration are the following:—

"SEC. 227. The judge must . . . . make an order declaring that the child shall thenceforth be regarded and treated in all respects as the child of the person adopting."

" Sec. 228.   A child, when adopted, may take the family name of the person adopting.   After adoption, the two shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation."

" Sec. 1386.   When any person having title to any estate dies without disposing of the estate by will, it is succeeded to and must be distributed . . . . in the following manner: —

" 1.  If the decedent leave no surviving husband or wife, but leave issue, the whole estate goes to such issue; and if such issue consists of more than one child living, or one child living and the lawful issue of one or more deceased children, then the estate goes in equal shares to the *children* living, or to the *child* living, and the issue of the deceased *child* or *children*, by right of representation."

Under these provisions, we think that an adopted child is entitled to succeed by inheritance to the estate of the adopting parent.   The provisions of sections 227 and 228 extend to all the rights and duties of natural parents and children.   The language is general and comprehensive.   The use of the word " issue " in section 1386 does not limit the right of inheritance to the natural children only.   That section prescribes the rule of inheritance. The word " issue " is there used in the same sense as the words " child " and " children."   If the adopted child is by virtue of its *status* to be " regarded and treated in all respects as the child of the person adopting," and is to " have all the rights and be subject to all the duties of the legal relation of parent and child," the right to succeed to the estate of the deceased parent must be included.   (*Estate of Wardell*, 57 Cal. 491; see also *Ross* v. *Ross*, 129 Mass. 243.)

2.  So far as the action of *Maldonado* v. *Maldonado* affected the *status* of the parties and the custody of the child, it was a proceeding *in rem*, and service by publica-

tion in such cases is good. (*Pennoyer* v. *Neff*, 95 U. S. 714.) The recital in the judgment that the defendant was duly served with process is consistent with the proof of service. It is the *fact of service* which gives the court jurisdiction,— not the proof of service, — and the court had authority to receive the amended affidavits of service after judgment and before the roll was made up. (*Mason* v. *Messenger*, 17 Iowa, 261; *Rickards* v. *Ladd*, 4 Pac. C. L. J. 52; *Allison* v. *Thomas*, 72 Cal. 562.)

The affidavits of service and the recitals in the judgment are conclusive. The affidavit on application for an order of publication, and the order of publication, cannot be considered. They are no part of the roll.. (*Hahn* v. *Kelly*, 34 Cal. 391; *McCauley* v. *Fulton*, 44 Cal. 355.) *Belcher* v. *Chambers*, 53 Cal. 635, is not in point. In that case, as in *Pennoyer* v. *Neff*, the judgment considered was a personal judgment against a non-resident without personal service of process. So far as the rule established in *Hahn* v. *Kelly* is applicable to proceedings *in rem*, it has not been overruled. The judgment referred to in that case was for money,— the deficiency after foreclosure and sale.

The court has jurisdiction of the defendant, and the subsequent proceedings, from the time publication of summons was complete. (Code Civ. Proc., sec. 416.)

The fact that judgment was rendered upon default entered before the time allowing the defendant to answer had expired rendered the judgment erroneous simply, not void. A judgment thus rendered can be attacked only upon motion or by appeal, and by the parties in interest. Maldonado is the only party aggrieved by the decree, and he is the only one who can attack it in any way. (*Anderson* v. *Bell*, 9 Cal. 321; *Mitchell* v. *Aten*, 14 Pac. Rep. 497.)

3. It is contended that the order is void because it was made by the court, and not by the judge. The order appears to have been made in open court, but it is a written

order, signed by the judge and filed in the proceedings. The words " by this court" in the order may be treated, we think, as surplusage. An order made by the judge at chambers in a case requiring action by the court may, for good reasons, be held to be invalid, but no such reasons can be urged in cases like this. The power which the judge might have exercised in his chambers was exercised in open court; and the fact that the clerk and sheriff were present cannot affect the validity of his judicial act.

4. The judge who signed the order — Hon. B. T. Williams of Ventura County — had the same power as the judge of Los Angeles County, for whom he was acting. (Code Civ. Proc., sec. 71) It must be presumed, in the absence of a showing to the contrary, that he was acting upon the request of the governor, or of one of the judges of the superior court of Los Angeles County.

5. The decree was signed by the judge on October 19th, and was filed with the clerk on October 22, 1885. Thus rendered, it was binding on the parties and privies, although not entered until January 5, 1887. The clerk could not, by his failure to perform a ministerial duty, abridge the rights of any party interested. (*Casement* v. *Ringgold*, 28 Cal. 339; *Gray* v. *Palmer*, 28 Cal. 422.)

The order is affirmed.

MCFARLAND, J., SHARPSTEIN, J., TEMPLE, J., MCKINSTRY, J., and THORNTON, J., concurred.

SEARLS, C. J., dissented.