[No. 13396.    Department One. — March 10, 1890.]

IN THE MATTER OF THE ESTATE OF EMMA COOK,
DECEASED.

DIVORCE — RENDITION OF JUDGMENT — NEGLECT OF PLAINTIFF TO HAVE
JUDGMENT ENTERED. — A judgment of divorce is effective to dissolve
the marriage tie when the order for judgment is rendered and entered
upon the minutes, and the failure or neglect of the plaintiff to have the
judgment entered will not affect its validity, it being the duty of the
clerk to make the entry at any time after the rendition, and the entry
being but the evidence of the judgment already in operation and effect.

ID. — DECREE NUNC PRO TUNC — CONCLUSIVENESS — CAUSE OF DELAY —
APPLICATION BY STRANGER TO RECORD — NOTICE. — The entry of a de-
cree of divorce *nunc pro tunc*, after the death of the plaintiff, is conclusive
as to all matters of evidence necessary to its validity, including the cause
of the delay. If proof of the fact that plaintiff was not in fault for the
delay is required, it must be presumed that such proof was given. Nor
is the entry of such decree void because entered on application of the
second husband of the plaintiff, who is a stranger to the record, and
without notice to the first husband, who was defendant in the action
of divorce.

APPEAL — LAW OF THE CASE — IMMATERIAL DIFFERENCE OF FACTS. — The
decision of this court, rendered on a former appeal in the same cause,
must be enforced as the law of the case on a second appeal, notwith-
standing a difference in the facts, if such difference be an immaterial
one.

APPEAL from a decree of distribution of the Superior
Court of the city and county of San Francisco, and from
an order denying a new trial.

The facts are stated in the opinion of the court.

*Eugene N. Deuprey*, and *Alfred Clarke*, for Appellant.

*James M. Seawell*, and *H. C. McPike*, for Respondent.

*Tilden & Tilden*, for Administrator.

PATERSON, J.—This is an appeal from a decree of dis-
tribution. The case has been in this court before. (77
Cal. 220.) The question to be determined is, whether
Theodore T. Cook or William W. Richards is the surviv-
ing husband of Emma Cook, deceased. Each claims

that he is entitled to one half of her estate by virtue of
such relation. Cook was married to the deceased December 26, 1873. Richards, believing that she had been
divorced from Cook on April 23, 1880, was married to
her in due form of law on May 30, 1880, and thereafter
lived and cohabited with her as her husband until her
death, November 30, 1883.

At the former hearing of the contest, the court below
decided in favor of Cook, holding that as the decree of
divorce had not been actually entered, he had never been
divorced from Emma. On appeal, we reversed the decree,
and remanded the cause for a new trial. On the last
trial, the court below admitted the judgment roll in *Cook*
v. *Cook* in evidence, held that the parties were divorced
in that action, adjudged Richards to be the surviving
husband, and entered a decree distributing one half of
the estate to his assignee, Miller. From this decree Cook
has appealed.

In the former opinion it was said: " Of course, we have
no commendation for the neglect of the clerk to enter
the judgment in *Cook* v. *Cook* immediately after it was
pronounced, or for the failure of the attorney for the
plaintiff in that action to see that the judgment was then
entered; but many of the most perplexing questions
presented here arise out of the want of care or the want
of capacity of attorneys and other officers of the courts.
It is the duty of the court, however, to protect the rights
of litigants, even against the incapacity of their agents,
except where such incapacity has placed those rights
beyond the reach of legal justice."

Acting upon the theory that the neglect of the clerk,
without fault of Emma Cook, was the basis upon which
the court rested its decision, counsel for Cook, against the
objection of respondent, proved at the last trial, and the
court found, " that after the rendition of said decree in
*Cook* v. *Cook*, the attorney for said Emma Cook in said
action notified her that she was not and would not be

divorced from said Theodore T. Cook until said divorce was entered; and that in order to have said decree entered, it was necessary for her to pay the fees of the clerk of said court for entering said decree, amounting to the sum of four dollars, but that said Emma Cook wholly neglected to pay said fee; that the failure to enter said decree of divorce was wholly the fault of said Emma Cook, and not the fault of the court, or any of its officers, or her attorneys."

It is said that without the judgment which was entered *nunc pro tunc* there would have been no evidence of a decree of divorce, and that the validity of the order for a decree *nunc pro tunc* rested upon the fact that it was the fault of Emma Cook's attorneys, or of the clerk, and not any fault of her own, which led to the delay in the entry of the decree. Therefore, it being made to appear that the failure to enter the decree until after the death of Emma was due to her own neglect in her lifetime, it is claimed the decree *nunc pro tunc* is invalid, and should have been excluded.

There are two answers to this contention of appellant: —

1. We do not think that the court in the former appeal placed its decision upon the ground that the failure to enter the decree was due to the fault of the attorneys of Emma or to the clerk, or that it considered the question whose fault caused the delay at all material. An examination of the opinion rendered by Mr. Justice McFarland will show that the decision went upon the grounds that the record in *Cook* v. *Cook* established the fact that a judgment of divorce had been rendered by the court on April 23, 1880, and entered in the minutes; that thus entered in the minutes, it was as valid and binding as if it had been written and signed by the court, and being so, took effect at the time of its rendition; that the judgment having been rendered in the lifetime of Emma, there was no error in entering it after

her death, it being the duty of the clerk to enter the judgment at any time after its rendition, upon payment of fees, and the entry being but the *evidence* of the judgment already in operation and effect.

These being the grounds of the decision, we are bound to hold that the distinction sought to be made by appellant between the facts of the case as they appeared on the former trial and in this record is an immaterial one, and therefore, under the rule as to the law of the case, the judgment should be affirmed.

2. If it be true that the court could not enter a decree *nunc pro tunc*, unless the delay was caused by the fault of an officer of the court, the question remains, Where and how is the cause of the delay to be determined? It must be done in the court in which the entry is to be made. In this matter it appears that the court which rendered the decree heard evidence, and ordered a decree entered *nunc pro tunc*. If proof of the fact that Emma Cook was not in fault was required, we must presume that such proof was offered. In other words, so long as the decree stands, it is conclusive *as to all matters of evidence necessary to its validity.* But it is claimed that the decree as entered is void on its face, because made on application of Richards, a stranger to the record, and without notice. These contentions were urged upon the court on the former hearing. If they, or either of them, had been deemed sound, the judgment would not have been reversed; if the decree was void, it would have been declared to be inadmissible evidence.

Judgment and order affirmed.

Fox, J., and Beatty, C. J., concurred.