[S. F. No. 1579.  Department Two.—December 11, 1900.]

## SOPHIA MAY, Respondent, v. SEWELL HATCHER, Appellant.

JUDGMENT FORECLOSING MORTGAGE—MOTION TO VACATE—LAPSE OF TIME.—A motion to vacate a judgment foreclosing a mortgage not void on its face, made more than six months after the entry of the judgment, is too late, and must be denied.

ID.—JUDGMENT NOT VOID—ABSENCE OF SEPARATE FINDINGS.—The absence of separate findings, or the incorporation of findings in the judgment of foreclosure, cannot render the judgment void upon its face.

ID.—PREMATURE ENTRY OF DEFAULT—AMENDMENT NOT SERVED—ERROR—VALIDITY OF JUDGMENT.—The premature entry of default against defendants in the foreclosure suit who made default and did not ask to have their default set aside, and the failure to serve them with a copy of an amended complaint, renders the judgment against them merely erroneous and subject to reversal upon appeal, but in the absence of an appeal does not render the judgment foreclosing the mortgage void upon its face.

ID.—SALE UNDER FORECLOSURE OF MORTGAGE—MOTION TO VACATE—COMMISSIONER'S OATH — FILING.—A motion to vacate a sale under a judgment not void foreclosing a mortgage, made after the judgment had become final, cannot be entertained upon the ground that no written oath or affidavit of the commissioner who made the sale is on file in the clerk's office. The law does not require the commissioner to make a written affidavit, or to file it anywhere; and it is sufficient if the record shows that he was sworn.

ID.—PRIOR INVALID SALE—PUBLICATION OF NOTICE—AMENDED NOTICE.—The fact that the commissioner made a prior invalid sale, which was set aside for insufficiency of notice, cannot invalidate a sale subsequently made upon due notice; and the fact that a wrong date was first published cannot affect the sale where an amended notice was sufficiently published prior to the sale.

ID.—INADEQUACY OF PRICE.—Mere inadequacy of price is not of itself sufficient ground for vacating a sale regularly made under foreclosure of a mortgage, and a motion to vacate such sale not presenting that ground, and having meager evidence of inadequacy of price to support it, cannot be granted on that ground.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion to vacate a judgment and sale under foreclosure of a mortgage.  M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

N. E. Wretman, and Nicholas Bowden, for Appellant.

J. C. Black, and Thomas C. Huxley, for Respondent.

McFARLAND, J.—This is an action to foreclose a mortgage executed to plaintiff by the defendant Michael Ryan. Other persons were made defendants as claiming some interest in the property. Judgment of foreclosure was entered March 1, 1897, and the mortgaged premises were sold by a commissioner appointed for that purpose on June 7, 1897, to plaintiff. On December 4, 1897—nine months after the entry of the judgment, and three days less than six months after the sale —Sewell Hatcher, claiming to have purchased the interest of the mortgagor and his wife about five months after the sale, moved the court to vacate the judgment, and also to vacate the sale. The court denied the motions, and from the order denying them Hatcher appeals.

We really observe nothing in the record which would entitle the appellant to have the judgment vacated, even if the motion had been made in time; but the motion was too late, for a judgment, unless void on its face, cannot be vacated on a mere motion unless it be made at least within six months after the entry of the judgment. In the case at bar, the judgment was clearly not void on its face. The main contentions of appellant on this point are: 1. That the judgment is void because there were no findings; and 2. Because after a certain amendment to the complaint had been served on the defendant J. H. Lyndon, who is alleged to have been the assignee in the insolvency of the defendant Michael Kane, and on the defendant Mary Kane, who is alleged to have been a subsequent judgment creditor of Michael Kane, default was entered against them by the clerk one day too soon. Lyndon and Kane had been brought into court by service of the summons and original complaint. As to the first contention, as a matter of fact there are sufficient findings, although they are irregularly put in the judgment itself instead of being in a separate document called "findings"; but, if they cannot be considered as findings, it is sufficient to say: 1. That the judgment record does not show that findings were

not waived, and, therefore, under any view the judgment would not be void on its face for the reason assigned; and 2. The absence of findings would not make the judgment void, but at most would only be error reviewable on appeal.

2. Appellant is not concerned with the supposed rights of Lyndon and Kane; they did not ask to have the default set aside, nor did they make any effort to be allowed to answer the amendment; and, even as to them, what happened after the service of the summons and the original complaint, at most, "rendered the judgment erroneous simply, not void." (*In re Newman,* 75 Cal. 220.[1])

The court did not err in denying the motion to vacate the sale. The point mostly argued by appellant for the reversal of this order is that the commissioner was not sworn to perform his duties. We need not discuss the question here whether his failure to be sworn, if such failure had been shown, would have vitiated the sale, for there was ample proof that he was sworn. Appellant's position is that the facts that no written affidavit of the commissioner was on file in the clerk's office, and that the clerk's register of actions did not show that such affidavit had been filed, are conclusive proof that no oath was taken, and that no other evidence was admissible on the subject. But this position is not tenable. The statutory provisions touching the matter is merely that "the commissioner, before entering upon his duties, must be sworn to perform them faithfully." (Code Civ. Proc., sec. 729.) There is no provision that he must make a written affidavit, or that an affidavit must be filed anywhere; and there is abundant evidence in the record, not only that he was sworn, but that he made a written affidavit.

The fact that the commissioner made an invalid sale on May 10, 1897, which the court on plaintiff's motion set aside for insufficiency of notice, etc., did not invalidate the sale afterward on June 7th. Nor was the latter sale vitiated by the fact that there was one publication of a notice of sale having the date June 16th, instead of June 7th—there being a sufficient publication after it was amended. Something is said in the appellant's brief about inadequacy of price; but that is

---

[1] 7 Am. St. Rep. 146.

not one of the grounds of the motion; the evidence introduced on the subject is exceedingly meager, and simple inadequacy of price, even if shown, is not itself sufficient ground to sustain a motion like the one here in question. There are no other points in appellant's briefs which call for special notice.

The notice of appeal from the orders contains also a notice of appeal from the judgment, but the transcript does not contain the record of that appeal, and, as we understand counsel, that appeal is not before us. Therefore, this decision will not be construed as in any way affecting the appeal from the judgment.

The orders appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.