[S. F. No. 8578.    Department Two.—July 31, 1918.]

## In the Matter of the Estate of MARGRETTA MILNER ROBINETT, Deceased.

ESTATES OF DECEASED PERSONS— DECREE OF DISTRIBUTION WHILE ACTION AT LAW PENDING — SUBSTANTIAL JUSTICE — DECREE NOT REVERSED.—Where the estate of a deceased person had been in process of administration for several years, the final account settled, and all that remained for distribution was a sum in cash and such amount, if any, as might be collected in a suit which had been commenced by the administratrix in her individual capacity and as representative of the estate against one of the legatees after the filing of the final account of the administratrix and after the filing of a petition by legatees for distribution, the administratrix, who was also residuary legatee, was not injured in either her individual or official capacity, by a decree which distributed proportionally to those entitled to it the cash on hand and the moneys which might be recovered in the pending litigation, and further provided that the amount in cash distributed to the defendant in the pending litigation should be withheld by the administratrix until the termination of that litigation, to be applied to the judgment in the event that

the suit should be successful; and in such case, the decree, doing substantial justice, cannot be reversed under section 4½ of article VI of the constitution.

APPEAL from a decree of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Lucius L. Solomons, for Appellant.

Helen L. Kaufman, for Respondent.

WILBUR, J.—This is an appeal by the administratrix of the estate of Robinett from a decree of distribution made in said estate on petition of the legatees, filed after settlement of appellant's final account. Appellant is the residuary legatee, and takes this appeal both in her capacity as residuary legatee and as administratrix with the will annexed. The cash on hand was insufficient to pay the legacies of the petitioners. They waived claim upon any of the assets of the estate other than the cash on hand, and requested distribution to them of the money on hand, proportionately to the amount of the legacies bequeathed to them, and requested that the balance of the estate be distributed to the appellant, thus waiving all claim thereto. After the filing of this petition for distribution appellant filed an answer and a petition for partial distribution. In her answer she alleged that the estate was not ready for distribution, for the reason that subsequently to the filing of her final account and of the filing of respondents' petition for distribution she had brought a suit "individually and as administratrix" against one of the respondents, R. H. Hazleton, for five hundred dollars in money and five hundred shares of the National Well Drilling Company, an Arizona corporation, and claiming the right to retain a small amount for notary fees, county clerk's fees, and premium on bond, aggregating $28.25, and also claiming that there is an outstanding bill for music furnished at the funeral. Appellant's petition for partial distribution prayed that $3.20 less be given to each of the three legatees and $2 less to each of three legatees, making a total of $18.60 less than they had petitioned for. It will be observed, then, that the controversy between the parties concerns the question as to whether

or not it was the duty of the court to continue the administration of the estate during the period of the pending litigation. The court found "that the real and personal property (other than cash and the property specifically devised by said will) is of little, if any, value, and cannot be disposed of to the benefit or advantage of said pecuniary legatees." Instead, however, of distributing this lawsuit to the appellant, as had been requested by the petitioners, the court found that the action was for the sum of $1,135, and provided that if there was a recovery therein the first $848.45 should be distributed as follows: Two twenty-sixths to Anna Robinett; two twenty-sixths to Vera Robinett; two twenty-sixths to Edna Robinett Miners; five twenty-sixths to Idella C. Emmons; five twenty-sixths to Adele Harrigan; five twenty-sixths to R. H. Hazleton; five twenty-sixths to Clarence Herrington, and that all in excess of said sum of $848.45 be distributed to Minna Robinett Herrington. It was further provided that inasmuch as the decree provided for the distribution of $336.80 to the defendant in that litigation, R. H. Hazleton, that such sum should be withheld by the administratrix until the termination of that litigation, to be applied to the judgment in the event that the suit was successful. It is difficult to see in what manner the administratrix, either in her official or individual capacity, was injured by the decree of distribution. The estate has been in process of administration for four years, and this litigation was commenced after appellant's final account had been settled. The effect of the decree was to distribute to those entitled thereto in the proportion to which they were entitled, the cause of action, if any, belonging to the estate. The distributees can be substituted as plaintiffs in the action and can prosecute that action to final judgment. The trial court did substantial justice, and that being the case, we are prohibited by the constitution from reversing the decree. (Art. VI, sec. 4½.)

Judgment affirmed.

Melvin, J., and Lorigan, J., concurred.