[Civ. No. 4736.  Second Appellate District, Division One.—July 14, 1927.]

## W. J. HITTSON, Appellant, v. ELID STANICH, Respondent.

William Lewis and Guy Lewis for Appellant.

No appearance for Respondent.

YORK, J.—This is an action to recover judgment for nonpayment of several promissory notes and attorneys' fees, and for the arrest of defendant, and his confinement in the county jail in Los Angeles County, etc., on the alleged ground that the defendant obtained from plaintiff the moneys for which said notes were given, by false and fraudulent representations.

The defendant was personally served with summons and complaint in Los Angeles County. He failed to appear, and his default was duly entered.

On a hearing in the superior court, judgment was entered for *plaintiff* for the amounts due plaintiff on the promissory notes and for attorneys' fees, but not for the arrest of defendant. *Plaintiff* appeals from the judgment and "from the whole and every part thereof." The judgment recites that the case came on for trial on the twenty-sixth day of December, 1923, "and evidence, both oral and documentary," was introduced, and "the court having filed its findings of fact and conclusions of law, ordered the entry of the judgment." But no findings of fact or conclusions of law were made. In support of his appeal plaintiff prepared what is designated a bill of exceptions. It recites the filing of the complaint, which it sets forth *in haec verba,* the entry of the defendant's default; that it was difficult to locate the defendant, and that it took nearly three months to do so; that a warrant was out for his arrest on various charges, and that the plaintiff asked the court for a judgment for the arrest of defendant, and his confinement in the county jail; that the court denied the motion and entered the judgment on January 7, 1924, for the amount prayed for in the complaint with attorneys' fees; that plaintiff prepared findings of fact and conclusions of law and presented them to the court for signing, and that the court refused to sign them or to sign any findings of fact whatsoever, and then follows in said proposed bill of exceptions a copy of the proposed findings of fact so prepared and presented to the court. The fact that the plaintiff did not waive findings of fact and the court refused to sign any findings is clearly embodied in the record before us.

The first question raised by appellant is that the court should have signed findings of fact and conclusions of law prepared by him and presented to the court for signature. This was a default action, and no issues were joined, and the matter clearly is within the rule stated in 24 California Jurisprudence, section 191, page 950. "The court cannot properly make findings of fact and conclusions of law unless issues are joined and a trial had thereon. Accordingly, findings need not be made where judgment is rendered by default because of a failure to file an answer." In the case of *Waldecker* v. *Waldecker,* 178 Cal., at page 568 [174 Pac. 37], the court says: "On

the contrary, our conclusion is that in divorce cases, findings are required only upon a trial of issues of fact raised by the pleadings of the respective parties, and only then in cases where findings have not been waived by the parties as provided in section 634 of the Code of Civil Procedure. It follows that in the instant case findings were not required to be filed by the court upon a denial of the divorce.''

In *Hamblin* v. *Superior Court,* 195 Cal., at page 370 [43 A. L. R. 1509, 233 Pac. 339], the court says: "It is to be noted, however, that the taking of testimony in the present case did not constitute the holding of a trial in the strict sense of the word. There were no issues of fact upon which a trial was required. The default of the defendant admitted all of the allegations of the complaint. Upon the entry of such default the court might have rendered judgment for the plaintiff without the taking of any evidence. (Code Civ. Proc., sec. 585; *City of Los Angeles* v. *Los Angeles F. & M. Co.,* 150 Cal. 647 [89 Pac. 615]), except for the requirement of section 130 of the Civil Code, which forbids the granting of a divorce upon the default of the defendant or upon the uncorroborated admissions of the parties. This section . . . is not to be construed . . . as requiring written findings of fact and conclusions of law (*Waldecker* v. *Waldecker,* 178 Cal. 566 [174 Pac. 36])."

In *Shepard* v. *Shepard,* 65 Cal. App., at page 314 [223 Pac. 1014], the court says: "We are satisfied that the judgment must be reversed, and, insomuch as no findings were required by reason of the default . . . the reversal should carry directions to the trial court to enter judgment in favor of the appellant."

It was held in *In re Cook,* 77 Cal. 230 [11 Am. St. Rep. 267, 1 L. R. A. 567, 17 Pac. 923, 19 Pac. 436], that under the provisions of section 670 of the Code of Civil Procedure in cases of default findings are not necessary and form no part of the judgment-roll.

As to the second point raised that the court upon demand should have ordered judgment for execution against the person of defendant, we note that the complaint in the instant case requests *only,* "Fifth: That the defendant be arrested and confined in the county jail of

Los Angeles county, state of California, under the provisions of subdivision IV of section 47a of the Code of Civil Procedure of the state of California et seq.'' There being no such section as 47a, we conclude that appellant was attempting to refer to section 479 of the Code of Civil Procedure, which is the only section that we can find that deals with an order of arrest for fraud in a civil action after judgment except after execution issued. However, this section appears under title VII, headed ''Provisional Remedies in Civil Actions.'' Subdivision 4 of section 479 in chapter I of title VII provides for arrest ''as hereinafter prescribed, . . . ''

''4. When the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought; or in concealing or in disposing of the property for the taking, detention, or conversion, of which the action is brought.''

The following provisions of chapter I provide that it is necessary that an affidavit of plaintiff or some other person make it appear to the judge that sufficient cause of action exists, and that the case is one of those mentioned in section 479, and it provides that if an order of arrest be made, the affidavit must be filed with the clerk of the court. Section 482 provides that before making the order the judge must require a written undertaking on the part of the plaintiff with sureties in an amount to be fixed by the judge which must be at least five hundred dollars, to the effect that plaintiff will pay all costs which may be adjudged to the defendant, and all damages which he may sustain by reason of the arrest, if the same be wrongful, or without sufficient cause, and that the undertaking must be filed with the clerk of the court. Section 483 provides that the order may be made at the time of issuing of the summons or at any time before judgment, and section 486 provides for discharge of the defendant at any time before execution, either upon giving bail or depositing the amount mentioned in the order of arrest. And it appears from title VII that that part of the code refers only to *provisional remedies*. Under chapter II of part II, title IX, are found as shown by the heading of that chapter, ''Proceedings Supplemental to Execution,'' and under section 715 is provided ''Proceedings to compel debtor to appear. In what cases he may

be arrested. What bail may be given.'' Therefore, we conclude that the remedy *requested* by the *plaintiff* in his *complaint herein* is one that could be used *only* on mesne process and is not a process to be issued on final judgment. We note that in support of his said second ground of appeal no cases have been cited by appellant decided since our code has been in existence.

The judgment of the trial court is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.