[Civ. No. 5862.   Second Appellate District, Division One.—January 11, 1928.]

HENRY AZADIAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Charles G. Young for Petitioner.

Charles L. Nichols and R. H. Purdue for Respondents.

HOUSER, Acting P. J.—*Certiorari.*  The salient facts upon which the temporary writ herein was issued appear to be that on August 18, 1926, in an action for divorce pending between petitioner and his wife, Alma Azadian, wherein the default of said defendant for her failure to answer the complaint, or to appear therein, had been entered, the Superior Court caused to be entered on its official minutes an order granting to petitioner an interlocutory judgment of divorce from said Alma Azadian; that on August 24, 1926, such interlocutory judgment was entered; and that more

than one year after the order for judgment, to wit, on the twenty-third day of August, 1927, on a motion made by the defendant, based upon the grounds of her surprise and excusable neglect, the Superior Court made an order vacating the default of the defendant and setting aside said interlocutory decree of divorce between said parties.

Among other things, section 473 of the Code of Civil Procedure contains a provision that the lower court may relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, provided that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment was rendered; but that " . . . when from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

▇ It appearing that the summons in the divorce action was not "personally served on the defendant," the precise point presented to this court for its determination is whether the lower court had jurisdiction to vacate the default of the defendant and to set aside its judgment more than one year after the order for such judgment was entered on its official minutes.

It will be noted that the statute provides in substance that such an order may be made at any time within one year after the *rendition* of the judgment. In that connection, respondents concede that ordinarily the rendition of a judgment occurs when it is entered in the minutes of the court, and that the time for seeking relief under the statute (sec. 473, Code Civ. Proc.) begins to run from the time when the judgment was so entered.

In *Estate of Wood,* 137 Cal. 129, 133 [69 Pac. 900], the court had occasion to consider the meaning of the word "rendered" as used in another section of the Code of Civil Procedure, and in passing upon the matter used the following language:

" . . . The meaning of the word 'rendered' as applied to decrees and judgments is well settled, and when a decree

or judgment is rendered it has full force and effect. Even the entry of it does not go to its validity. It has full force and effect regardless of the mere ministerial act of entering it upon the judgment-book. Mr. Freeman in his work on Judgments declares (vol. 1, sec. 38): 'Expressions occasionally find their way into reports and text-books indicating that the entry is essential to the existence and force of the judgment. These expressions have escaped from their authors when writing of matters of evidence, etc. . . . The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial. A judgment is not what is entered, but what is ordered and considered. The entry may express more or less than what was ordered by the court, or it may be neglected altogether, yet in neither of these cases is the judgment of the court any less its judgment than though it were accurately entered. . . . It is therefore not indispensable to the validity of an execution, and a sale made thereunder, that a judgment should have been actually entered before the writ issued.' (See, also, *Estate of Hughston*, 133 Cal. 321 [65 Pac. 742, 1039].) This principle of law applies even with more force to decrees in probate and equity. And this court has held more than once that when a decree of divorce is . *rendered* that decree is of full force and effect. (*In re Newman*, 75 Cal. 221 [7 Am. St. Rep. 146, 16 Pac. 887]; *In re Cook*, 77 Cal. 23 [11 Am. St. Rep. 267, 1 L. R. A. 567, 17 Pac. 923, 19 Pac. 431]; *In re Cook*, 83 Cal. 417 [23 Pac. 392].)''

In the case entitled *In re Cook*, 83 Cal. 415 [23 Pac. 392], it is held that a judgment of divorce is effective to dissolve the marital tie when the order for judgment is rendered and entered upon the minutes. In the case of *Brownell* v. *Superior Court*, 157 Cal. 703 [109 Pac. 91], the authorities are reviewed and in effect it is held that the judgment is rendered when it is entered in the official minutes of the court; and the same declaration of the law is to be found in the language of the opinion in the case of *Aspegren & Co.* v. *Sherman, Swan & Co.*, 199 Cal. 532, 537 [250 Pac. 400], as follows: ''These several authorities indicate the rule to be that whenever findings are required the judgment is not rendered until they are signed and filed. *But, whenever findings are waived or are not required the*

*judgment is rendered when entered in the minutes of the court. With this rule we are in accord."*

In accordance with part of the law as announced in the Aspegren case (199 Cal. 532, 537 [250 Pac. 400]), it is urged by respondents that the principle to which reference has been had applies in those cases only where no findings of fact are required. But, conceding the existence of such an exception to the rule, the result would be unaffected thereby. *Waldecker* v. *Waldecker,* 178 Cal. 566 [174 Pac. 36], is authority to the effect that in an action for divorce, where it appears that the defendant neither answered the complaint, nor appeared in the action, on the denial of a decree no findings of fact are necessary. To the same effect, see 24 Cal. Jur., p. 950, and cases cited; *Hamblin* v. *Superior Court,* 195 Cal. 364, 370 [43 A. L. R. 1509, 233 Pac. 337] ; *Shepard* v. *Shepard,* 65 Cal. App. 310, 314 [223 Pac. 1012] ; *Hittson* v. *Stanich,* 84 Cal. App. 434 [258 Pac. 405].

In the instant case it becomes clear that when the order of the court for judgment was entered in its official minutes the decree was rendered; and as more than one year elapsed after such rendition of the judgment before the motion was made by the defendant in the action to vacate the default and to set aside the interlocutory decree, it follows that the court was without jurisdiction in the premises; from which it finally results that the order of the lower court should be annulled. So ordered.

York, J., and Shaw, J., *pro tem.,* concurred.