[Civ. No. 6605.   Third Dist.   Jan. 12, 1942.]

ROSALIE YURKAS, Appellant, v. VICTOR ZAMPATTI,
Respondent.

S. T. Hogevoll for Appellant.

Victor Zampatti, in pro. per., for Respondent.

CURLER, J. pro tem.—Plaintiff brought action in the
Superior Court of Humboldt County.  Defendant demurred
to plaintiff's complaint, and on the 27th day of January,
1941, defendant's demurrer was sustained and plaintiff
granted twenty days in which to amend.  On the *17th day of
February, 1941,* no amended complaint having been filed by
plaintiff, the court rendered judgment dismissing the action
with prejudice.  Plaintiff appeals from the judgment of dis-
missal.

Appellant contends that the record on appeal shows
that default judgment was entered prematurely.  Respondent

contends that the notice of sustaining the demurrer, and service thereof, and upon which appellant relies, are not a part of the judgment roll, and that the proper proceeding in such a situation was a motion to set aside the default and appeal from the order made thereon. The latter relies upon the case of *Bailey* v. *Sloan*, 65 Cal. 387 [4 Pac. 349], which appears to support his view, and which we believe to be correct.

The only record before this court on appeal is the judgment roll.

The judgment roll in this case should be one prepared under subdivision 1 of section 670 of the Code of Civil Procedure, which provides as follows:

"In superior courts and municipal courts the following papers, without being attached together, shall constitute the judgment roll:

"1. In case the complaint is not answered by any defendant, the summons, with the affidavit or proof of service; the complaint with a memorandum endorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment; if defendant has appeared by demurrer, and such demurrer has been overruled, then notice of the overruling thereof served on defendant's attorney, together with proof of such service; and in case the service so made is by publication, the affidavit for publication of summons, and the order directing the publication of summons."

However, in the clerk's transcript there is a paper purporting to be an affidavit that notice of sustaining the demurrer was served on plaintiff by depositing the same in the United States Post Office at Eureka, California, on the *29th day of January, 1941,* and that plaintiff's residence was in San Francisco, California. The order sustaining demurrer and the notice are not legally a part of the record, and therefore cannot be considered by us. Section 472b of the Code of Civil Procedure provides that when a demurrer is sustained, time to amend runs from service of notice of decision. If this court could consider the affidavit of service of notice of sustaining of demurrer, it would appear clear that the default judgment of the trial court was prematurely entered. However, in view of the fact that the only part of the record which is properly before this court is the judgment roll, as defined in said section 670, there is nothing upon which the court can act to set aside or reverse the judgment. We must there-

fore assume that the time to amend had expired prior to the entry of judgment.

Plaintiff cites section 472c of the Code of Civil Procedure as being conclusive of the issues involved in this case, but inasmuch as that section simply sets forth that one may appeal from an order sustaining a demurrer without leave to amend, even though no request to amend the pleading was made—we do not find the section helpful on the question of how a record on appeal should be prepared.

The judgment is affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.