[Civ. No. 7248.   Third Dist.   July 24, 1946.]

ROSALIE YURKAS, Appellant, v. VICTOR ZAMPATTI, Respondent.

Rosalie Yurkas, in pro. per., for Appellant.

Victor Zampatti, in pro. per., for Respondent.

PEEK, J.—This is an appeal from an order sustaining without leave to amend a demurrer to a complaint filed by appellant in propria persona for equitable relief against a default judgment rendered in favor of respondent.

It is the second time the parties hereto have been before this court. In the former case, appellant filed a complaint on January 17, 1941, wherein she alleged she had suffered damages by reason of defendant's breach of contract in failing to represent her as agreed. Defendant's demurrer thereto was sustained, and plaintiff was granted 20 days in which to amend. On the eighteenth day after notice of said order had been mailed by defendant to plaintiff, the trial court, on the motion of defendant, rendered judgment dismissing said action with prejudice. Plaintiff did not move to vacate said judgment, although she did file an appeal therefrom on the ground that it was prematurely made. However, as said appeal was taken on the judgment roll alone, this court, in affirming the judgment of the trial court, held that "in view of the fact that the only part of the record which is properly before this court is the judgment roll, as defined in said section 670 [Code Civ. Proc.], there is nothing upon which the court can act to set aside or reverse the judgment." (*Yurkas* v. *Zampatti*, 49 Cal.App.2d 95, 96-97 [121 P.2d 17].)

In the present case, plaintiff's first amended complaint is designated as an action in equity to vacate and set aside a void judgment. In addition to the facts previously mentioned, she further alleges that on or about August 25, 1944, by a motion in writing she moved said court to vacate and set aside said judgment on the ground that the same was null and void in that it had been made and entered without the jurisdiction of said court; that being a layman she did not know that the correct procedure would have been for her to have made a motion to set aside the default and order of February 19, 1941 (which was the order sustaining the demurrer granting leave to amend within 20 days), and in the event of a denial thereof to have appealed from such order; that "no effective appeal, in fact or in law, existed or does now exist from the ruling of the said Court of February 17, 1941, as upon such an appeal, the record showing the date said demurrer was sustained, the date of service of notice sustaining the said demurrer upon plaintiff cannot be adequately, properly, legally, or in fact at all shown to the Appellate Court, said Appellate Court cannot at all determine whether

said ruling of February 17, 1941, is jurisdictional and within the power of said Court to make it, on such an appeal; nor can it be determined on any such appeal whether the time to amend said complaint had expired when the ruling of February 17, 1941, was made''; and that at no time had she, nor does she now have, a remedy by way of appeal from said ruling of February .17, 1941. The complaint concludes with a prayer that said judgment of dismissal be set aside, that she be permitted to file her amended complaint, and for such other relief as may be proper.

The trial court, in ruling upon the demurrer interposed by defendant to said complaint, observed that it was necessary to consider only two of the questions raised by defendant: (1) whether the complaint states a cause of action, and (2) whether the action is barred by the lapse of time and laches. With regard to the first question, the court concluded, on the authority of *In re Newman*, 75 Cal. 213 [16 P. 887, 7 Am.St. Rep. 146], that the premature judgment previously entered was merely erroneous and not void, and as to the second question, that, although fraud was not sufficiently pleaded, yet, even if it had been, the record affirmatively shows that more than three years have elapsed since the discovery by plaintiff of the facts constituting the alleged fraud, and therefore the action would be barred in any event, citing *Estudillo* v. *Security etc. Co.*, 149 Cal. 556, 565 [87 P. 19].

On appeal from said order, two contentions are advanced by appellant: (1) That the judgment under attack was without the jurisdiction of the court and therefore void, and (2) that her first amended complaint states facts sufficient to constitute a cause of action and the court erred in ruling otherwise.

In support of her first contention, appellant cites *Pinon* v. *Pollard*, 69 Cal.App.2d 129 [158 P.2d 254], a case holding that a judgment rendered prior to the expiration of the time for completing service by publication of the summons on which it is based is a mere nullity, as the court never obtained jurisdiction over the person of the defendant. However, the distinction between such a case and one where a court, having regularly obtained jurisdiction, makes an erroneous ruling in the exercise thereof, is obvious.

Under the authorities generally, a premature judgment made by a court having jurisdiction is not void but merely erroneous or irregular. This is the direct holding in the case

of *In re Newman,* 75 Cal. 213 [16 P. 887, 7 Am.St.Rep. 146], relied upon by the trial court as above noted. Subsequent decisions have followed the same rule. (See *McGrath* v. *Langford,* 35 Cal.App. 215 [169 P. 424]; *California C. C. Co.* v. *Crescent City etc. Co.,* 30 Cal.App. 619, 621 [159 P. 209]; *May* v. *Hatcher,* 130 Cal. 627 [63 P. 33]; *Gray* v. *Hall,* 203 Cal. 306 [265 P. 246].)

Appellant seeks to distinguish the rule of those cases by urging that they deal with a collateral and not a direct attack, such as the one herein involved. However, this contention takes too narrow a view of the purport of said decisions and too broad a view of the scope of this proceeding. A careful reading of the cases referred to, such as *May* v. *Hatcher, supra,* at pages 628-629, and *Gray* v. *Hall, supra,* at pages 313-319,—the former an appeal from an order denying a new trial, the latter an action in mandamus—shows that no such limitation can be read into them. This incontestably appears from an examination of the case of *Chehalis Coal Co.* v. *Laisure,* 97 Wash. 422 [166 P. 1158, 1160], relied upon and discussed in *Gray* v. *Hall, supra,* at pages 315-316. Said case is described in the opinion therein as an action "to set aside a judgment for irregularity and fraud in its procurement." The Washington Supreme Court stated:

"But whatever the rule may be in suits in equity to set aside judgments absolutely void for lack of service, that rule is not esentially controlling here, since the judgment here involved was not a void judgment. Though the copy of the summons which was served upon respondent as defendant in the original action was not signed, the complaint in this action does not attempt to assert that fact as a ground for vacating the judgment. Moreover, respondent actually appeared in response to that service by serving upon appellant's then attorneys in that action a motion to require the complaint to be made more definite and certain and a demand for a bill of particulars, thus effectually waiving any defect in the service and submitting to the jurisdiction of the court. The court thereafter had jurisdiction. If through fraud or concealment practiced upon it, or through inadvertence or mistake, it thereafter entered a judgment prematurely or while a motion was pending undisposed of and without notice, the judgment was irregularly entered. It was voidable, not void. 1 Freeman on Judgments (4th ed.) sec. 126; *Marshall & Ilsley Bank* v. *Milwaukee Worsted Mills,* 84 Wis. 23, 53 N.W.

1126; *Salter* v. *Hilgen*, 40 Wis. 363; *Davison* v. *Brown*, 93 Wis. 85, 67 N.W. 42; *In re Estate of Newman*, 75 Cal. 213, 16 P. 887, 7 Am.St. 146; *Ballinger* v. *Tarbell*, 16 Iowa 491, 85 Am.Dec. 527]; *McAlpine* v. *Sweetser*, 76 Ind. 78. It is the rule in such a case with which we are here concerned.''

This decision is squarely in point, and constitutes a logical application of the rule as announced by our Supreme Court. Such rule conforms to the general principle, likewise well established in this state, to the effect that in a suit in equity to set aside a judgment on the ground of extrinsic fraud or mistake, mere errors or irregularities other than those based on such fraud or mistake are no more subject to attack than they would be in a collateral proceeding. (*Le Mesnager* v. *Variel*, 144 Cal. 463, 465 [77 P. 988, 103 Am.St.Rep. 91]; *Harvey* v. *Griffiths*, 133 Cal.App. 17, 22 [23 P.2d 532].)

█ The other propositions advanced by appellant in connection with the same point, to the effect that a judgment void on its face may be set aside at any time, and that a judgment is void on its face when an inspection of the judgment roll so indicates, are sound principles of law but they have no application here. That the asserted defect in the original proceeding was *not* apparent from an inspection of the judgment roll, is the very essence of the decision by this court on the former appeal (49 Cal.App.2d 95 [121 P.2d 17]), and said decision has become the law of the case. (See *Nelson* v. *Robinson*, 73 Cal.App.2d 263, 269 [166 P.2d 76], and cases cited. In fact, were our former opinion not based on said ground, then appellant would be confronted by the circumstance that the prior judgment, when affirmed, constituted a conclusive adjudication against her asserted right to relief. Since her entire case depends upon a showing that our former decision was not an adjudication on the merits, she may not successfully urge a contention predicated upon a contrary assumption.

█ With regard to the second ground on which she assails the judgment herein, viz., extrinsic fraud or mistake, appellant likewise fails to make a case for equitable relief. Assuming for the sake of the distinction that she has sufficiently pleaded the requisite extrinsic factors, it nevertheless appears from the face of the complaint that she has failed to institute this action within the time prescribed by section 338, subdivision 4, of the Code of Civil Procedure, namely,

three years from the time of the discovery of the facts constituting the alleged fraud or mistake. The complaint specifically alleges that the judgment under attack was entered on February 17, 1941, and that "within the time permitted and allowed by law to appeal from said Order, Judgment and Decree of Dismissal, the said plaintiff (appellant) did appeal from said Order, Judgment and Decree of Dismissal. . . ." We may take judicial notice of the fact, as the trial court did, that said appeal was filed March 4, 1941. The complaint herein was filed on November 13, 1944. It therefore conclusively appears that this action was instituted more than three years after appellant discovered the facts constituting her alleged cause of action. While the "Special Demurrer" which respondent has interposed to the complaint is not a model of pleading, it does adequately present this issue.

Finally, the complaint herein is likewise defective in that it makes no attempt to show that appellant could or would amend her complaint in the prior action so as to make it state a valid cause of action, if she were permitted to do so. It is well established that the solemn judgment of a court will not be vacated merely in order that a complaining party may vindicate the contention that it was improvidently made. In addition, it must be made to appear, at least prima facie, that if the judgment were set aside and the proceedings reopened, a different result would probably follow. (*Wattson* v. *Dillon,* 6 Cal.2d 33, 43 [56 P.2d 220]; *Hite* v. *Mercantile Trust Co.,* 156 Cal. 765, 768 [106 P. 102]; *Davis* v. *Chalfant* 81 Cal. 627, 630-631 [22 P. 972]; *Machado* v. *Machado,* 66 Cal.App.2d 401, 405 [152 P.2d 457]; *Wilson* v. *Wilson,* 55 Cal.App.2d 421, 427 [130 P.2d 782]; *Hogan* v. *Horsfall,* 91 Cal.App. 37, 41-42 [266 P. 1002].) Such a showing appellant has failed to make.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 16, 1946.