[Civ. No. 13683.   Second Dist., Div. Three.   Nov. 9, 1942.]

GUY S. RILEY et al., Appellants, v. HOOPER C. DUNBAR et al., Respondents.

LeRoy B. Lorenz for Appellants.

Haight, Trippet & Syvertson for Respondents.

SCHAUER, P. J.—Plaintiffs, as unit holders of a trust, brought an action "on behalf of themselves and all other beneficiaries of the Bell View Oil Syndicate" against the trustees, seeking an accounting and the recovery of money allegedly improperly expended. Issues of fact were joined, trial was entered upon and evidence received. During an overnight recess the plaintiffs filed with the clerk a direction to enter dismissal of the action. After the recess and such attempted dismissal trial was resumed despite the absence of counsel for plaintiffs, defendants' motion for vacation of the

dismissal was granted, defendants rested and judgment on the merits was rendered in their favor.

Plaintiffs' Notice of Appeal declares that it is taken from "that certain ex parte order made after final judgment herein, to-wit [sic]: the minute order . . . striking 'the purported dismissal of the action;' and . . . also, from the purported judgment entered herein on or about Sept. 29, 1941." It does not appear that the order attempted to be appealed from is in fact an order "made after final judgment"; and hence it is not appealable. (Code Civ. Proc, § 963.) However, since it precedes the final judgment which is appealed from, it could be reviewed, upon a proper record, on the appeal from the judgment. (Code Civ. Proc., § 956.)

As to the merits of the appeal, plaintiffs make no attack on the judgment other than the claim that it is void on the theory that the action had been effectually dismissed, and thereby terminated, prior to its entry. They rely on an asserted absolute right of a plaintiff to dismiss his action, pursuant to the provisions of section 581 of the Code of Civil Procedure, before submission, where no affirmative relief is sought by a defendant, and cite the cases of *Rogers* v. *Transamerica Corp.*, (1935) 6 Cal.App.2d 340 [44 P.2d 635]; *Provencher* v. *City of Los Angeles*, (1935) 10 Cal.App.2d 730 [52 P.2d 983]; and *King* v. *Superior Court*, (1936) 12 Cal.App.2d 501 [56 P.2d 268].

Defendants do not dispute the law as enunciated in the cases cited but assert that a different rule applies in derivative actions; i. e., that in actions where the plaintiff sues not for himself alone but as the representative of a class, in a fiduciary capacity, he is not the real party in interest and has no right or power individually to dismiss the action and that such action may be dismissed only by order or with the sanction of the court. In support of this theory defendants rely on *Spellacy* v. *Superior Court*, (1937) 23 Cal.App.2d 142 [72 P.2d 262].

Primarily, however, defendants contend that on the record before us there is no occasion to determine the proposition of law above stated and that in any event we are bound to affirm the judgment. This contention is sound.

The record discloses neither a bill of exceptions nor a reporter's transcript. It does contain a clerk's transcript which sets forth the judgment roll and copies of certain other doc-

uments and record entries. There is no question as to the law that "the clerk's transcript is incompetent to authenticate for the purpose of a review upon appeal any portion of the record other than the judgment-roll and notice of appeal. (2 Cal.Jur., p. 633.) If any matters other than such as appear upon the face of the judgment-roll are sought to be reviewed upon appeal, the record thereof must be presented either by a bill of exceptions or by a reporter's transcript." (*Jeffords* v. *Young,* (1925) 197 Cal. 224, 227 [239 P. 1054] ; *Sutcliffe* v. *Sutcliffe,* (1934) 220 Cal. 398, 401 [31 P.2d 195].)

Likewise there is no question as to the law that an appellant has the burden of producing a record affirmatively showing error (2 Cal.Jur., § 499, pp. 852, et seq.) and if any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented. (*Caruthers* v. *Hensley,* (1891) 90 Cal. 559, 560 [27 P. 411]; *Myers* v. *Canepa,* (1918) 37 Cal.App. 556, 561 [174 P. 903, 906]; *Kelly* v. *Liddicoat,* (1939) 35 Cal.App.2d 559, 565 [96 P.2d 186].)

The clerk's transcript presented here bears the certificate of the trial judge as well as that of the clerk. If we were to assume that the judge's certificate could transform the clerk's transcript into a bill of exceptions or reporter's transcript the appellants would be in no better position. The judge's certificate contains this language: "On the hearing of said motion to strike the purported dismissal, the Court considered the evidence theretofore taken and all the proceedings had in the case." In view of that statement the further declarations in the certificate that "the *papers* in the foregoing transcript are the *papers,* and all of the *papers,* used or considered in the determination of the matters appealed from herein" (italics added) and that "No further evidence was taken on the hearing of said motion on Sep. 19 - 1941," are without material significance. We are bound to assume that the evidence which the court had already taken fully supports the order as made and the judgment as rendered. (See 2 Cal.Jur., § 508, p. 868; *Waymire* v. *California Trona Co.,* (1917) 176 Cal. 395, 399 [168 P. 563]; *Haase* v. *Central Union H. S. Dist.,* (1938) 27 Cal.App.2d 319, 325 [80 P.2d 1044]; *Yurkas* v. *Zampatti,* (1942) 49 Cal.App.2d 95, 96 [121 P.2d 17]; *In re Lasker,* (1942) 51 Cal.App.2d 120, 121 [124 P.2d 72].)

The judgment is affirmed; the appeal from the order striking "the purported dismissal of the action" is dismissed.

Wood (Parker), J., and Shaw, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 31, 1942. Edmonds, J., did not participate therein. Shenk, J., and Carter, J., voted for a hearing.