Filed 12/30/21  Ortega v. Contreras-Magana CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ELIZABETH ORTEGA, | C092714 |
| Plaintiff and Respondent, | (Super. Ct. No. 20DV01381) |
| v. | |
| RAMON CONTRERAS-MAGANA, | |
| Defendant and Appellant. | |

Ramon Contreras-Magana appeals from the trial court's order granting respondent Elizabeth Ortega's petition for a restraining order after hearing.  Appellant contends there was insufficient evidence to support the restraining order and he was denied due process. On this record, we are required to affirm the judgment.

### I.  BACKGROUND

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness."  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  "This presumption has special significance when . . . the appeal is based upon the clerk's transcript."  (*Ehrler v. Ehrler* (1981)

1

126 Cal.App.3d 147, 154.) Accordingly, we adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) The appellate record here does not include a reporter's transcript. We must, therefore, treat this as an appeal " ' "on the judgment roll." ' " (*Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93.) Accordingly, we are required to conclusively presume the evidence admitted at trial is ample to sustain the trial court's findings; our review is limited to determining whether any error " ' 'appears on the face of the record." ' " (*Ibid*.; see *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325.)

Here, the limited record we have establishes that on June 11, 2020, respondent petitioned the trial court for a domestic violence restraining order, protecting her four-year-old son from appellant. In support of her petition, respondent alleged appellant touched her son's genitals and told her son that "this is how he shows his love."

To her declaration, respondent attached reports from physicians who examined the minor child and her report to the police. The police report included a statement from the minor child that appellant touched his genitals on two separate occasions and told the child that "this was how him [*sic*] loves me."

On June 30, 2020, the trial court conducted a hearing on respondent's petition over Zoom. Appellant and respondent were both present, both were sworn in, and both testified. The court found sufficient evidence to support the granting of a domestic violence order and granted the order "for five years."

## II. DISCUSSION

Appellant contends there is insufficient evidence to support the court's order granting respondent's petition. In a judgment roll appeal, however, " '[the] question of the sufficiency of the evidence to support the findings is not open.' " (*Allen v. Toten*

2

(1985) 172 Cal.App.3d 1079, 1082.) We do not presume the record contains all matters material to a determination of the points on appeal unless the asserted error "appears on the face of the record." (Cal. Rules of Court, rule 8.163; *National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.) "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455.) On the face of this record we find no errors.

Appellant also contends the trial court erred in admitting hearsay evidence in support of respondent's petition. We presume the court performed its duty and admitted evidence in compliance with the evidence code. (Evid. Code, § 664.) Without a reporter's transcript, there is nothing on this record to overcome that presumption.

Appellant also notes that a court reporter was not present at the hearing on respondent's petition for a restraining order. The local rules make it clear, however, that appellant bears the burden of requesting a court reporter in advance of the hearing and paying the reporter's fees. (See Super. Ct. Sacramento County, Local Rules, rule 1.12.) Nothing in the record indicates appellant satisfied those requirements.

Finally, appellant contends he was denied due process in the manner in which the hearing on respondent's petition was held. We disagree. As an initial matter, appellant fails to support his contention with any citations to the record. On this ground alone, appellant has forfeited his claim on appeal. (See *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743; Cal. Rules of Court, rule 8.204(a)(1)(C).)

Even were the issue preserved, however, due process requires only that appellant be given reasonable notice and the opportunity to be heard. (*Horn v. County of Ventura* (1979) 24 Cal.3d 605, 612.) It is evident from this record that appellant was present at the hearing, he was sworn in, and he testified. Thus, he was given the process he was due. In addition, because he was present at the hearing, appellant's claim that he was precluded from presenting relevant evidence to the trial court fails. On a judgment roll

appeal we must presume appellant was, at a minimum, given the opportunity to present all the evidence he deemed relevant to support his position. (See *Riley v. Dunbar*, *supra*, 55 Cal.App.2d at p. 455.)

In sum, on this record, we must affirm the court's order granting respondent's petition.

## III.  DISPOSITION

The order granting respondent's request for a restraining order against appellant is affirmed.  Appellant shall pay respondent's costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/S/
_____
RENNER, J.


We concur:


/S/
_____
MAURO, Acting P. J.


/S/
_____
DUARTE, J.


4