Filed 7/22/22 Marriage of Baird and De La Cruz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of CHRISTIAN WILLIAM BAIRD and SUANNY ZUGERLE DE LA CRUZ. | C093140 |
| CHRISTIAN WILLIAM BAIRD, Appellant, v. SUANNY ZUGERLE DE LA CRUZ, Respondent. | (Super. Ct. No. 20FL00688) |

At the conclusion of a September 2020 hearing, the court commissioner ruled there was insufficient evidence to issue a domestic violence restraining order (DVRO) against Suanny Zugerle De La Cruz (Wife). Appellant Christian William Baird (Husband) appeals, arguing the commissioner abused his discretion as an evidentiary matter, and "effectively denied" Husband due process by "refus[ing] to take evidence" before denying the DVRO. Husband appeals without a reporter's transcript, agreed statement, or settled statement of the relevant hearing.

Given the limited record on appeal, we find no error and affirm.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

On January 23, 2020, Husband filed a request for a DVRO against Wife and obtained a temporary restraining order (TRO) against her. In narrative portions of his pleading requesting a DVRO (and signed under penalty of perjury) Husband claimed that—a few days earlier—Wife was "angry, out of control, and in a rage" when she: (a) "threatened to leave with [the] children," (b) demanded Husband "[g]ive her money or else [he] w[ould] be very sorry," and (c) "[t]hrew objects at [him]," including a "heavy toy" and "a heavier electronic book," which "cut" and "bruised" Husband's knee. In addition to bruising to his leg, Husband said he experienced "fear . . . anxiety . . . shock . . . [and] sleep loss."

In a responsive pleading, Wife explained that Husband "caused a discussion by refusing to give [her] money for the week's expenses . . . as he had promised." This "was the first time" the couple "had a discussion like that and it last[ed] less than [five] minutes." Furthermore, and due to three recent surgeries she had, Wife claimed she was unable to "perform[ ] any situation of violence." Wife did not deny that she threw objects at Husband but insisted that she "never noticed that any of the baby's toys hit him."

After a March 2020 court trial at which both Wife and Husband testified, and Husband played in open court an audio recording of the parties' altercation in January 2020, the commissioner ruled "the evidence [was] sufficient to continue in force the [TRO] . . . to September 23, 2020 . . . ." (A transcript of the audio recording reflects that, at one point during the altercation, Wife cursed at Husband and complained that he could not "take care of anything. . . . When I go to the supermarket, I get more than $200.00 and you only give me $200 and something, and it's not enough.")

The same commissioner who presided in March 2020 presided in September 2020. The "[p]arties participated . . . by Zoom," and there was not a court reporter present. A

2

document entitled "Findings and Order after Hearing," which bears the commissioner's signature, records that after Wife and Husband testified, the commissioner (1) "confirm[ed] that the [TRO] . . . expire[d]" on the day of the September 2020 hearing, and (2) "f[ound] the evidence [was] insufficient to issue a [DVRO] [a]fter [h]earing."

Husband timely appealed.

## DISCUSSION

### I

### *Background Legal Principles*

#### A. *Domestic Violence Prevention Act*

The Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq; further statutory references are to the Family Code) authorizes a court to " ' " 'to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved' upon 'reasonable proof of a past act or acts of abuse.' " ' [Citations.] Abuse includes 'intentionally or recklessly caus[ing] or attempt[ing] to cause bodily injury'; . . . 'plac[ing] a person in reasonable apprehension of imminent serious bodily injury to that person or to another'; and 'engag[ing] in any behavior that has been or could be enjoined' under section 6320. (§ 6203, subd. (a).) Behavior that may be enjoined under section 6320 . . . includes 'disturbing the peace of the other party' (§ 6320, subd. (a)), which 'may be properly understood as conduct that destroys [another's] mental or emotional calm.' [Citation.] . . .

"The DVPA vests the court with discretion to issue a restraining order 'simply on the basis of an affidavit showing past abuse.' [Citation.] The burden of proof is by a preponderance of the evidence. [Citations.] The DVPA 'confer[s] a discretion designed to be exercised liberally, at least more liberally than a trial court's discretion to restrain civil harassment generally.' [Citation.]

3

"We review the [court ruling granting or denying] a DVPA restraining order for abuse of discretion, and, to the extent we are called upon to review the court's factual findings, we apply the substantial evidence standard of review. [Citation.] In reviewing the evidence, we examine the entire record to determine whether there is any substantial evidence—contradicted or uncontradicted—to support the trial court's findings. [Citation.] We must accept as true all evidence supporting the trial court's findings, resolving every conflict in favor of the judgment." (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 11-12 (*Pels*).)

But, and especially in light of the gravity of a DVRO (which is "no ordinary injunction," but mandates arrest "where an officer has probable cause to believe the order has been violated," and "attache[s]" a "social stigma" to the restrained party), it is important to keep in mind that "[t]he DVPA was not enacted to address *all* disputes between former couples, or to create an alternative forum for resolution of *every* dispute between such individuals." (*Pels*, *supra*, 47 Cal.App.5th at p. 13 & fn. 6 italics added.)

B.    *Relevant Appellate Review Principles*

" '[A] party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' [Citation.] ' "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . ." ' A proper record includes a reporter's transcript or a settled [or agreed] statement of any hearing leading to the order being challenged on appeal. [Citations.]" (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 (*Elena S.*).) "[O]n issues . . . involving the abuse of discretion standard of review, a reporter's transcript or an agreed or settled statement of the proceedings is *indispensable*." (*Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 79, italics added; see Cal. Rules of Court, rule 8.120,(b) ["If an appellant intends to raise any issue that requires

4

consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings"].)

The absence of a reporter's transcript, agreed statement, or settled statement of the hearings in this matter makes this a "judgment roll appeal." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.)

When an appeal is on the judgment roll, we must conclusively presume evidence was presented that is sufficient to support the trial court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Further, "[w]e presume that official duties have been regularly performed. (Evid. Code, § 664.) This presumption applies to the actions of trial judges." (*Elena S.*, *supra*, 247 Cal.App.4th at p. 575.) Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.) "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455.)

II

*Analysis*

Here, nothing on the face of the record indicates error by the commissioner. Rather, the record reflects that at the September 2020 hearing, *after both parties testified*, the trial court simply determined there was insufficient evidence for a DVRO. "In the absence of a proper record, which would include either a reporter's transcript [, agreed statement,] or settled statement . . . we must presume the trial court acted properly. Therefore, the judgment is correct and must be affirmed." (*Elena S.*, *supra*, 247 Cal.App.4th at p. 576.)

The same commissioner presided over the TRO hearing in March 2020 and the DVRO hearing in September 2020. That commissioner found sufficient evidence in

5

March to extend the TRO to September, but after hearing testimony from both parties in September, determined the evidence was not sufficient for a DVRO. On this record, that decision was not arbitrary.

Husband's contention that the trial court abused its discretion "in finding that there was insufficient evidence to issue a [DVRO]" after the September 2020 hearing, necessarily fails. Similarly, Husband's contentions that the trial court "failed to take any evidence" and "refused to take evidence" at the September 2020 hearing are belied by the record and does not rebut the presumption that official duties were regularly performed. Husband's representations on the matter, without citation to the record, are disregarded. (See *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 ["we may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record"].)

DISPOSITION

The judgment (order) is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
RENNER, J.

_____
EARL, J.

6