Filed 8/25/22  Ambriz v. Cerda CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JESSICA AMBRIZ,<br><br>Respondent,<br><br>v.<br><br>HECTOR ARMANDO CERDA, JR.,<br><br>Appellant. | F083750<br><br>(Super. Ct. No. 21CECG01813)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from an order of the Superior Court of Fresno County.  Mark E. Cullers, Judge.

Hector Armando Cerda, Jr., in pro. per., for Appellant.

Michelle Pepper for Respondent.

-ooOoo-

Hector Armando Cerda, Jr., who has represented himself throughout these proceedings, appeals from a civil harassment restraining order that protects his niece, Jessica Ambriz, and her two children from him.  Cerda contends the trial court erred in entering the order because he was acting out of his concern for the children's safety as a

---

[*]        Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

mandated reporter and, therefore, he is immune from liability and his contact with Ambriz and her children did not constitute harassment under the relevant statute. Cerda also contends the evidence does not support a finding that he harassed Ambriz and her children.

While Cerda requested a transcript of the hearing on the restraining order, the hearing was not reported. Because Cerda did not provide any other record of the evidence presented at the hearing, such as a settled statement, he has failed to provide a sufficient record to permit this court to assess his claims on appeal. Given the lack of an adequate record, we must presume the evidence presented to the trial court at the hearing on the restraining order supports its issuance. We therefore affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2021, Ambriz requested the trial court to issue a civil harassment restraining order to protect herself and her two children from Cerda, who works as a social worker for the Fresno County Department of Social Services. In seeking the restraining order, Ambriz alleged Cerda had abused his position and power as a social worker to intimidate and threaten her by threatening to take her children away and continually demanding to see the child custody documents, which granted her sole custody of her children.

Ambriz specifically alleged that over the course of a week, Cerda: (1) came to her home, demanded to see the children's custody papers, asked if she would agree to a guardianship with him and his sister, and when she asked him to leave, he asked if she "knew who he was" and said he "better not find out something happened to the kids" in a threatening voice; (2) showed up at her home uninvited at nearly 11 p.m. and rang the doorbell, and while Ambriz did not answer the door, the family was scared and had a hard time sleeping; (3) the next day, she texted Cerda telling him to leave them alone and not to contact her anymore; and (4) Cerda then showed up at the children's school and

2.

tried to use his power as a social worker to obtain information about them.  The trial court granted a temporary restraining order.

Cerda filed a response to the request for a permanent restraining order stating he opposed the request.  In a nine-page attachment, Cerda explained why his actions were justified or excused, and in a two-page attachment he explained why he did not agree to the restraining order.  In essence, Cerda alleged he was concerned about Ambriz's ability to care for her children, he disagreed with Ambriz's account of his interactions with the family, and he was not harassing Ambriz because he was acting as a mandated reporter.

The trial court conducted a hearing on November 8, 2021.[1]  Ambriz submitted three exhibits into evidence and called four witnesses:  herself, her children's father, a school employee, and maternal grandfather.  Cerda submitted a binder of exhibits into evidence but did not call any witnesses.  There is no indication in the record either party requested an official court reporter and the court's minute order indicates no record of the hearing was made.  At the conclusion of the hearing, the court issued a restraining order prohibiting Cerda from harassing or contacting Ambriz and her children for five years.

## DISCUSSION

A person who has suffered harassment may seek an injunction prohibiting further harassment.  (Code Civ. Proc., § 527.6, subd. (a)(1).)  For purposes of a civil harassment restraining order, " '[h]arassment' is … a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.  The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."  (*Id.*, subd. (b)(3).)  A " '[c]ourse of conduct' is a pattern of conduct composed of a series of acts over a period of time,

---

[1]    The register of actions shows a hearing was conducted on August 30, 2021, and the matter continued first to October 18, 2021, and then to November 8, 2021.

3.

however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means …. Constitutionally protected activity is not included within the meaning of 'course of conduct.' " (*Id.*, subd. (b)(1).)

If, after a hearing, the trial court "finds by clear and convincing evidence that unlawful harassment exists," the court "shall issue" an order "prohibiting the harassment." (Code Civ. Proc., § 527.6, subd. (i).) "An injunction restraining future conduct is … authorized when it appears that harassment is likely to recur in the future." (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 496.)

Cerda contends the trial court erred in granting the restraining order because the finding he harassed Ambriz and her children is not supported by substantial evidence. Instead, he argues, the evidence shows he acted with a legitimate purpose, as he was merely a concerned relative who, as a mandated reporter, was obligated to report his concerns about the children's safety, and Ambriz only sought the restraining order to retaliate against him for doing so. He further asserts he should have been granted immunity as a mandated reporter, citing Penal Code section 11172, subdivision (a) and *Ferraro v. Chadwick* (1990) 221 Cal.App.3d 86, 92–97, which holds mandated reporters are immune from civil liability both for the initial report of child abuse and for subsequent communications with law enforcement or child protective services related to abuse. He contends bringing a harassment claim against a mandated reporter is a "prime example of abusive litigation."

The oral proceedings at the hearing were not reported, nor has Cerda provided us with an agreed or settled statement. (See Cal. Rules of Court, rule 8.120(b) ["If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶]

4.

(2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."].)  Thus, the appeal is based solely on the clerk's transcript.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  "This presumption has special significance when, as in the present case, the appeal is based upon the clerk's transcript." (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)  In a "judgment roll" appeal, we must conclusively presume evidence was presented that is sufficient to support the court's findings.  (*Ibid.*)  The " 'question of the sufficiency of the evidence to support the findings is not open.' " (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.)

When the record on appeal consists of the clerk's transcript alone, we presume the record includes all matters material to deciding the issues raised only if the claimed errors appear on the face of the record.  (Cal. Rules of Court, rule 8.163; *National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.)  "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455.)

All of Cerda's claims, including his claim of immunity as a mandated reporter, involve sufficiency of the evidence to support the trial court's grant of the restraining order.  Without a record of the evidence presented at the hearing, we cannot determine whether Cerda acted as a mandated reporter.  Although Cerda relies on declarations included in the record, there is no indication the court admitted the declarations into evidence or based its ruling on them rather than on the live testimony at the hearing. Cerda appears to believe it was Ambriz's burden to provide a record of the trial proceedings.  It was his burden, however, as the appellant to "provide an adequate record to assess error." (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)

Given the absence of a reporter's transcript or any other record of what occurred at the hearing, we presume the evidence presented at the hearing supports the trial court's issuance of the restraining order. Given this presumption, we must affirm the order.

## **DISPOSITION**

The November 8, 2021 civil harassment restraining order is affirmed. Costs on appeal are awarded to Ambriz.