Filed 11/29/22 Ahmadi v. Cebrail Altindag CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BASHIR AHMADI, | |
| Plaintiff and Respondent, | G060474 |
| v. | (Super. Ct. No. 30-2019-01048863) |
| CEBRAIL ALTINDAG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Melissa R. McCormick, Judge. Affirmed.

Cebrail Altindag, in pro. per., for Defendant and Appellant.

Worthington Law and Brian P. Worthington for Plaintiff and Respondent.

After a one-day court trial, the trial court ruled in favor of Bashir Ahmadi in his breach of contract action against his former business partners Cebrail Altindag and Erol Kozoglu.[1] In this appeal, Altindag, a self-represented litigant, raises the following two issues: (1) the court erred by refusing to admit several trial exhibits; and (2) there was insufficient evidence to support the judgment. Unfortunately, Altindag failed to provide this court with an adequate record to review these issues. We affirm the judgment.

FACTS

In July 2016, Ahmadi, Kozoglu, and Altindag became partners in an ice cream production business. Four months later, the partnership disbanded.

On February 4, 2019, Ahmadi filed a complaint against Altindag and Kozoglu. He alleged causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. In his complaint, Ahmadi asserted Kozoglu and Altindag induced him to invest a total of $171,600 in the partnership. Ahmadi initially invested $121,600. He later contributed an additional $50,000, which represented a loan to Altindag to give him a stake in the partnership.

Ahmadi alleged that when the partnership disbanded, Kozoglu and Altindag initially agreed to refund to Ahmadi his total investment through periodic payments. They executed an agreement setting forth a specific repayment schedule. After a few payments, Altindag and Kozoglu breached the repayment agreement. In the complaint, Ahmadi sought $121,000 from Kozoglu and $50,000 from Altindag.

According to the trial court's register of actions for this case, Altindag filed an answer and a cross-complaint. Neither document was included in our record. Indeed, other than the complaint and two exhibit lists, the only trial-related documents included in our record is the court's minute order describing what transpired during the one-day

---

[1] Kozoglu is not a party to this appeal.

2

court trial, the judgment, and the notice of entry of judgment. Altindag did not provide a reporter's transcript of the proceedings (or a settled statement or an agreed statement of facts).

The trial court's October 20, 2020, minute order stated the court conducted the trial using the WebEx videoconferencing program. The parties waived having a jury or a court reporter. The court ordered 34 documents "pre-marked for identification as joint exhibits 1-34, a description of each document is contained in the exhibit list, a copy of which is attached and incorporated herein by reference."[2] The order reflected that the court considered testimony offered by Altindag, Kozoglu, Ahmadi, and Okan Ustun.[3]

The minute order indicated the trial court admitted exhibit Nos. 1 through 12 and 14 into evidence. The court noted the parties waived closing argument and did not request a statement of decision. It took the matter under submission.

Later that same day, the court modified the minute order to rule in favor of Ahmadi on the breach of contract claim. It calculated Kozoglu owed $46,712 and Altindag owed $41,500. The court determined Ahmadi did not present sufficient evidence to prevail on his implied covenant of good faith and fair dealing claim. As for the cross-complaint, the court ruled Altindag did not prove his breach of contract or fraud claims. It ruled in favor of Ahmadi on those causes of action.

---

[2] In this opinion, for ease of reading, we have fixed grammatical errors and omitted unnecessary capitalization when quoting from the parties' documents and court rulings.

[3] In his briefing, Altindag explains Ustun is part of the "Shura Council, an informal body of individuals that mediates and resolves disputes in the Muslim community." He alleged the Shura Council helped the former partners reach an agreement resolving all their disputes regarding the business. This factual assertion is but one of many statements and accusations unsupported by the record. Ahmadi's briefing did not concede any of Altindag's unsupported factual allegations were true, and we cannot simply accept his version of events. Accordingly, our factual summary does not contain any facts or statements lacking a supporting citation to the record.

On May 13, 2021, the court entered a judgment that added prejudgment interest and costs to the damages award. The judgment stated Altindag owed $62,532.15 ($41,500 in damages plus $20,022.15 in prejudgment interest and $1,010 in costs).

## DISCUSSION

### I. *Self-represented Litigants*

The trial court's orders are presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority and analysis on each point made, supported by appropriate citations to the material facts in the record. If the appellant does not meet this burden, the argument will be deemed forfeited. (*Ewald v. Nationstar Mortgage* (2017) 13 Cal.App.5th 947, 948 ["failure to provide legal authorities to support arguments forfeits contentions of error"].) These rules of appellate procedure apply to Altindag even though he is representing himself. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.) "When a litigant is appearing in propria persona, he [or she] is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]." (*Id.* at p. 638.) This is not intended to penalize self-represented litigants; instead, it is necessary to maintain stability in appellate proceedings, requiring adherence to the forms and procedures that govern appeals. This in turn supports the appellate court's independence and unbiased decision-making.

### II. *Judgment Roll Appeal*

The absence of a reporter's transcript, agreed statement, or settled statement of the hearings in this matter makes this a judgment roll appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.) "'It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment.' [Citations.]" (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

4

Accordingly, when an appeal is on the judgment roll, our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.) "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455.)

III. *Analysis*

Nothing on the face of the record indicates reversible error. The minute order clearly reflects the trial court appropriately considered testimony from both sides as well as several exhibits. In the absence of a complete record, which would have included a reporter's transcript of the testimony, we must presume the court acted properly in deciding there was sufficient evidence of a breach of contract and justification for its award of damages.

Altindag raises no specific contentions of error that are supported by citations to the record. For example, his argument the trial court refused to admit certain exhibits fails because, without a reporter's transcript, it cannot be said he offered the exhibits into evidence. Neither Altindag's exhibit list describing his evidence, nor the court's minute order simply identifying all potential exhibits, can be construed as proof Altindag moved and the court considered a request to admit the exhibits in question.

Even if the trial court considered his request, we have no record showing the court's reasons for excluding the evidence. We review challenges to evidentiary rulings for an abuse of discretion, for which "a reporter's transcript or an agreed or settled statement of the proceedings is indispensable." (*Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 79.) Indeed, without evidence the court made rulings, there is nothing for this court to review. We do not presume evidentiary error on appeal, and moreover, Altindag cannot establish prejudice from the purportedly erroneous evidentiary rulings without an adequate record of all the evidence presented at trial. (*D.Z. v. Los Angeles*

5

*Unified School Dist.* (2019) 35 Cal.App.5th 210, 231 ["an erroneous evidentiary ruling requires reversal only if '"there is a reasonable probability that a result more favorable to the appealing party would have been reached in the absence of the error"'"].)

Altindag's second argument raises an insufficiency of the evidence challenge. Specifically, he maintains that if the trial court had admitted all his evidence, the court's "decision would not have been supported by the evidence." He offers several reasons why the omitted evidence amounts to a complete defense to the breach of contract cause of action. "But this attempts to turn the standard of review on its head. We do not review the evidence to see if there is substantial evidence to support the losing party's version of events, but only to see if substantial evidence exists to support the verdict in favor of the prevailing party." (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1245 (*Pope*.).)

To successfully challenge a judgment for a lack of substantial evidence, Altindag had to "'set forth, discuss, and analyze *all* the evidence on that point, *both favorable and unfavorable*. [Citation.]' (Italics added.) [Citation.]" (*Pope, supra,* 229 Cal.App.4th at p. 1246.) "Appellants' 'fundamental obligation to this court, and a prerequisite to our consideration of their challenge' [citation], is to 'set forth the version of events most favorable to [respondent]' [citation]." (*Ibid.*) Altindag failed in this obligation. In his briefing, Altindag focuses entirely on setting forth his version of events. And as discussed, we cannot consider his version of events because he refers to facts unsupported by the record. Altindag waived his sufficiency of the evidence challenge by failing to properly set forth and discuss both the favorable and unfavorable evidence.

6

## DISPOSITION

The judgment is affirmed.  Respondent shall recover his costs on appeal.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.