Filed 8/16/24  Jones v. Thompson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| KAYLA NICOLE JONES, | C099719 |
| Plaintiff and Respondent, | (Super. Ct. No. 18PA01621) |
| v. | |
| LAWRENCE THOMPSON, JR., | |
| Defendant and Appellant. | |

This is a paternity action between Kayla Nicole Jones (mother) and Lawrence Thompson, Jr. (father).  On appeal, father challenges the trial court's order granting mother sole legal custody of the parties' minor child, and awarding father parenting time on alternating weekends.  On this record, we find no error and affirm.

FACTS AND HISTORY OF THE PROCEEDINGS

The limited record we have on appeal establishes that in September 2023, following several days of testimony, the trial court found father failed to put the minor

1

child's best interests first. The court expressed "concern[]" that father was unable to coparent with mother and, instead, "leveraged the schedules and interests for the minor as a means to compel [mother] to acquiesce to what [father] desires." This, the court concluded, created "hardships" for the minor child.

Minor's counsel also reported to the trial court that the minor child refused to discuss the time he spent in father's care. In addition, father refused minor's counsel access to the inside of his home.

In addition, the trial court found no evidence to overcome the previously established presumption against father having custody under Family Code section 3044. Even without the Family Code section 3044 presumption, however, the court determined it "would find still, from the testimony and history of the case, that the order that is best for the minor is that the mother have sole legal custody, and that the time share for father be on alternating weekends and identified holidays, as reflected in the modified order."

Thus, with some modifications, the trial court adopted the custody recommendations made by the court-appointed mediator and awarded mother sole legal custody, awarding father parenting time on alternating weekends.

Father appeals from that order; his request for a settled statement was denied because father failed to timely serve mother with father's proposed settled statement. (Cal. Rules of Court, rule 8.137.)

## DISCUSSION

" '[A] party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' [Citation.] ' "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . ." ' [Citation.] A proper record includes a reporter's transcript or a settled statement of any hearing leading to the order being challenged on appeal." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) "[O]n

2

issues . . . involving the abuse of discretion standard of review, a reporter's transcript or an agreed or settled statement of the proceedings is *indispensable*." (*Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 79, italics added; see Cal. Rules of Court, rule 8.120(b).)

The absence of a reporter's transcript, agreed statement, or settled statement of the hearings in this matter makes this a "judgment roll appeal." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1093.)

When an appeal is on the judgment roll, we must conclusively presume evidence was presented that is sufficient to support the trial court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Further, "[w]e presume that official duties have been regularly performed. (Evid. Code, § 664.) This presumption applies to the actions of trial judges." (*Elena S. v. Kroutik*, *supra*, 247 Cal.App.4th at p. 575.) Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.) "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455.)

Here, nothing on the face of the record indicates error by the trial court. Rather, the record reflects that after several days of testimony, the trial court determined it was in the minor child's best interest for mother to have sole legal custody and father to have limited parenting time. On this, a judgment roll appeal, we must conclusively presume evidence was presented that is sufficient to support that decision. (*Ehrler v. Ehrler*, *supra*, 126 Cal.App.3d at p. 154.)

Father nevertheless contends there was insufficient evidence to support the trial court's findings. In a judgment roll appeal, however, " '[the] question of the sufficiency of the evidence to support the findings is not open.' " (*Allen v. Toten*, *supra*, 172 Cal.App.3d at p. 1082.)

Father also contends the trial court admitted hearsay evidence in support of mother's motion. We presume the court performed its duty and admitted evidence in compliance with the evidence code. (Evid. Code, § 664.) Without a reporter's transcript, there is nothing on this record to overcome that presumption.

On appeal, father asserts the trial court demonstrated bias against him. Father nevertheless fails to cite to evidence in the record to support his claim. On this ground alone, father has forfeited this claim on appeal. (See *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743; Cal. Rules of Court, rule 8.204(a)(1)(C).) In addition, however, there is no evidence that father preserved this claim by first raising it in the trial court. Father has thus forfeited the claim on that ground as well. (See *Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11 [reviewing court ordinarily will not consider claims raised for the first time on appeal].)

Finally, father contends the trial court violated several of his constitutional rights, including the right to free speech, the right to free association, the right against self-incrimination, and the right to confront his accusers. Such assertions without support by pertinent or cognizable legal argument and factual analysis, with citations to the record, are forfeited on appeal. (Cal. Rules of Court, rule 8.204(a)(1)(C); see also *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

DISPOSITION

The trial court's order is affirmed. Mother is awarded her costs on appeal, if any. (Cal. Rules of Court, rule 8.278 (a).)

 

HULL, Acting P. J.

We concur:

4

_____
KRAUSE, J.


_____
FEINBERG, J.