Filed 3/11/26  B.S. v. C.V. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| B.S., | C103517 |
| Plaintiff and Respondent, | (Super. Ct. No. 24FL01392) |
| v. | |
| C.V., | |
| Defendant and Appellant. | |

Respondent B.S. sought a domestic violence restraining order against appellant C.V., her former spouse.  The trial court granted B.S.'s petition, ordering C.V., among other things, not to harass, intimidate, or contact B.S. or her current partner.

C.V. appeals on the judgment roll.  He argues insufficient evidence supports the domestic violence restraining order and claims the trial court erroneously excluded rebuttal evidence at the restraining order hearing.  Because the record on appeal omits a reporter's transcript, we are bound to presume sufficient evidence supports the trial court's order.  As nothing on the face of the record shows the court erred, we affirm the domestic violence restraining order.

1

FACTS AND HISTORY OF THE PROCEEDINGS

On June 28, 2024, B.S. claimed C.V., her former spouse, followed her in his work truck from near his place of employment. According to B.S., C.V. sped up, abruptly merged in front of the car she was driving, "break [sic] check[ed]" her, and sped off after yelling and flipping her off. At the time, B.S. was dating her new partner, Christopher K., and was driving his car. C.V. was dating Christopher K.'s ex-wife with whom Christopher K. shared two children.

In August 2024, B.S. filed a request for a domestic violence restraining order against C.V. The petition was based on this driving incident, and requested protection for herself, her partner Christopher K., and his two children. B.S. requested, among other things, an order not to abuse, a no-contact order, and a stay-away order.

In October 2024, defendant filed a response to the restraining order request. He agreed to the requested order not to abuse B.S. and her partner Christopher K. but did not agree the order should include his girlfriend's children or any of the other requests, including stay-away and no-contact orders. C.V. explained that he did not recall brake checking B.S. or flipping her off, that he lived and worked in the area where the incident allegedly occurred, and that he was unfamiliar with Christopher K.'s car, which B.S. was driving at the time. He also noted that two days before B.S. filed the petition, she left him a voicemail asking if he needed anything.

In December 2024, the trial court held a hearing on the restraining order request; both B.S. and C.V. appeared at the hearing. Following the hearing, the court issued a five-year restraining order against C.V. in favor of B.S. and Christopher K. but did not include the children. The court ordered C.V. not to abuse B.S. and Christopher K., including not harassing, attacking, stalking or disturbing their peace. The court also ordered C.V. not to contact them directly or indirectly and to stay at least 100 yards away

from their persons as well as B.S.'s home, workplace and vehicle. The court issued its written order in January 2025.

C.V. timely appealed the restraining order. He elected to proceed with a clerk's transcript only and without a reporter's transcript.

DISCUSSION

C.V's challenge to the domestic violence restraining order is two-fold. He argues insufficient evidence supports the trial court's order because B.S. failed to present evidence of past abuse, threat of abuse, or any conduct proscribed by Family Code section 6320, undesignated section references are to the Family Code. He also contends the court violated his due process rights by precluding him from presenting evidence that B.S. left him a voicemail two days before she filed for the restraining order, which he claims shows that she was not disturbed or stressed following the driving incident.

Under the Domestic Violence Prevention Act (DVPA), a court may restrain a person to prevent a recurrence of domestic violence upon reasonable proof of past acts of abuse. (§ 6300.) "Abuse" means intentionally or recklessly causing or attempting to cause bodily injury, sexual assault, placing a person in reasonable apprehension of imminent serious bodily injury to that person or another, or engaging in behavior that could be enjoined pursuant to section 6320. (§ 6203, subd. (a)(1)-(4).) Among other things, a court may enjoin the following under section 6320: molesting, attacking, striking, stalking, threatening, . . . harassing, . . . contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the other party . . . ." (§ 6320, subd. (a).) As used in section 6320, subdivision (a), " '[d]isturbing the peace of the other party' " "refers to conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party." (§ 6320, subd. (c).)

3

We review an order granting a domestic violence restraining order for an abuse of discretion. (*S.M. v. E.P.* (2010) 184 Cal.App.4th 1249, 1264 [abuse of discretion "standard applies to a grant or denial of a protective order under the DVPA"].)

At the outset, we note C.V. does not include a single citation to the record in his appellate brief. The absence of any record citations waives his arguments on appeal. (Cal. Rules of Court, rule 8.204(a)(1)(C) [an appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 ["If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived"].)

Even if we consider his arguments on the merits, his claims necessarily fail given our limited scope of review in a "judgment roll" appeal such as this. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.) The appellate record, as previously noted, only consists of a clerk's transcript and does not include a reporter's transcript of the hearing on this matter. Electing to proceed without a reporter's transcript on appeal is significant.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "This presumption has special significance when, as in the present case, the appeal is based upon the clerk's transcript." (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) In a "judgment roll" appeal, we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ibid*.) " '[The] question of the sufficiency of the evidence to support the findings is not open.' " (*Allen v. Toten, supra*, 172 Cal.App.3d at p. 1082.) We do presume the record contains all matters material to a determination of the points on appeal unless the asserted error "appears on the face of the record." (Cal. Rules of Court, rule 8.163; *Nat'l Secretarial Serv. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.) "[I]f

4

any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455.)

The record here shows the trial court held a hearing on the restraining order, which both B.S. and C.V. attended. The court then considered facts and arguments in addition to the documents included in the clerk's transcript. Given the restrictive rules of review that apply in the absence of a reporter's transcript, we must presume the evidence presented was sufficient to support the court's implicit finding that C.V. engaged in behavior that could be enjoined under section 6320. (§§ 6203, subd. (a)(1)-(4), 6320, subd. (a).)

Furthermore, C.V. himself agreed to the "no abuse order" in his response to B.S.'s petition except to the extent that B.S. asked to include his girlfriend's children as protected individuals. The domestic violence restraining order includes the "no abuse order" as to B.S. and her partner but not as to the children, as C.V. had agreed. And C.V.'s response to the petition references the voicemail message B.S. left him prior to filing her petition for the restraining order. Nothing on the face of the record shows the court disregarded this evidence.

C.V., as the appellant, bears the burden of "provid[ing] an adequate record to assess error." (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) Without citations to the record and a reporter's transcript, he has failed to provide an adequate record to assess his contentions that insufficient evidence supports the court's implicit findings or that the court improperly precluded him from presenting rebuttal evidence.

Moreover, no error appears on the face of the record.

5

DISPOSITION

The domestic violence restraining order is affirmed.  Respondent shall recover her

costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


\_\_\_\_\s\_____
HULL, Acting P. J.

We concur:


\_\_\_\_\s\_____
BOULWARE EURIE, J.


\_\_\_\_\s\_____
FEINBERG, J.